UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RADCLIFFE LEWIS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:24-cv-00066 (UNA)<br>)<br>) |
| DISTRICT OF<br>COLUMBIA JUDICIARY, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the court on plaintiff's application for leave to *proceed in forma pauperis* ("IFP"), ECF No. 2, and *pro se* complaint ("Compl."), ECF No. 1. Plaintiff's IFP application is granted and, for the reasons explained blow, the complaint is dismissed without prejudice.

Plaintiff, a resident of the District of Columbia, sues an Assistant Attorney General for the District of Columbia, "the District of Columbia Judiciary," the Clerk of the Superior Court for the District of Columbia, and several other Superior Court employees—most of whom appear to be affiliated with the Superior Court's D.C. Crime Victims Compensation Program ("CVCP"). *See* Compl. at 1. Plaintiff contends that, on October 17, 2023, the Chief Judge of the Superior Court overturned CVCP's administrative denial of his application for compensation, finding that he was indeed eligible for relief, *see id*. at 1–3, under the relevant statute, D.C. Code § 4–501 *et seq*., but "limited only to costs that are verified to the CVCP through receipts," *see* Pl.'s Mot. for Emergency Compensation, ECF No. 4, at 4–6 (Sup. Ct. Ord. dated Oct. 17, 2023). Plaintiff asserts that he has yet to receive his court-ordered compensation, alleging that CVCP staff have circumvented such receipt by demanding "unnecessary" information regarding his expenses, and by their refusal to

acknowledge his status as a veteran. *See* Compl. at 2–6. He demands that this court order the CVCP to compensate him with an emergency award and seeks damages arising from the alleged delays and hardships arising from CVCP's alleged withholding. *See id.* at 6–7.

This court, however, cannot grant the relief that he seeks because it generally lacks jurisdiction to review interfere with actions within the province of the Superior Court. *Richardson v. District of Columbia Court of Appeals,* 83 F.3d 1513, 1514 (D.C. Cir. 1996) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (same). Indeed, the Superior Court bears exclusive jurisdiction over CVCP matters, *see* D.C. Code §§ 4–501(5), 4–512(h), and this court is thus prohibited from involving itself in plaintiff's CVCP appeal, *see Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also Dist. Prop. Assoc. v. Dist. of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine *of Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). In other words, to enforce the Superior Court's judgment, plaintiff must file with the Superior Court for such relief. *See id*.

For these reasons, the court dismisses the complaint, and this case, without prejudice. Plaintiff's motion to compel emergency compensation, seeking the same relief as sought in the complaint, is denied for the same reasons. A separate order accompanies this memorandum opinion.

Date:   April 23, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge